Brian BROWN, Petitioner,

v.

Frank TRACY, Superintendent, Downstate Correctional Facility, Respondent.

No. 03 CV 1594 NG.

United States District Court, E.D. New York.

Jan. 14, 2004.

Brian Brown, pro se, Fishkill, NY, for Petitioner.

Kings County District Attorneys Office, NY, for Respondent.

### MEMORANDUM AND ORDER

GERSHON, District Judge.

Petitioner pro se, Brian Brown, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the grounds that: (1) there was insufficient basis for the in-court identification of petitioner that was independent of suppressed lineup and photographic identifications; (2) trial counsel was ineffective; (3) the prosecutor's summation deprived petitioner of a fair trial; and (4) the verdict was not supported by the weight of the evidence.

### Background

Petitioner was indicted for two counts of robbery in the first degree (N.Y. Penal Law § 160.15), two counts of robbery in the third degree (N.Y. Penal Law § 160.05), grand larceny in the fourth degree (N.Y. Penal Law § 155.30), and two counts of petit larceny (N.Y. Penal Law § 155.25). Prior to trial, an identification hearing was conducted to determine if Carlos Rodriguez, one of the victims and the State's key witness, would be permitted to testify to his identifications of petitioner. The court held that, because the investigating officer failed to memorialize the photographic array, and the lineup participants looked "so vastly different" from petitioner, both the photographic and lineup identifications must be suppressed. The court then granted the State's application to reopen the hearing to determine if Rodriguez had an independent basis for an in-court identification of petitioner.

Rodriguez testified at the hearing that, on November 28, 1999, at approximately 1:30 a.m., he and Ernest Rebeiro were making a purchase from the 24 hour window of a store, when they were approached from behind by petitioner, who held a gun to Rebeiro and demanded their wallets. Rodriguez testified that during the incident petitioner was about two arms lengths away, nothing was blocking his view of petitioner, lights from the store and its neighbors were illuminating petitioner's face, and that the incident lasted about 15 seconds. Rodriguez provided a detailed description of petitioner's stature and appearance and stated that he was angry about being robbed and as a result he stared at the robber so he would remember his face. Rodriguez further testified that, when he viewed the photographic array, the petitioner's picture stood out because the petitioner's image was etched into his mind "[f]rom the night of the robbery." Rodriguez identified petitioner in the court room as the robber. As a result of this testimony the court found that Rodriguez had testified "credibly and substantially uncontradictedly" that, throughout the incident, he was close to and intently watched the perpetrator, that nothing blocked his view and that the location was unusually well-illuminated. The court went on to state that Rodriguez "always appears to have been immediately and unshakeably positive in his identification of the defendant as the perpetrator," and he therefore allowed Rodriguez to make an in-court identification of petitioner.

After a jury trial in New York State Supreme Court, Kings County, petitioner was convicted of two counts of robbery in the first degree. On December 19, 2000, petitioner was sentenced to concurrent determinate terms of ten years for both counts of robbery in the first degree. Petitioner appealed his conviction on the grounds that (1) there was insufficient basis for the in-court identification; (2) trial counsel was ineffective; (3) the verdict was not supported by the weight of the evidence; and (4) the prosecutor's summation

deprived defendant of a fair trial. The Appellate Division affirmed the judgment of conviction on April 22, 2002, *People v. Brown*, 293 A.D.2d 686, 741 N.Y.S.2d 791 (2d Dep't 2002), specifically finding that the identifying witness had an independent source for his in-court identification. Leave to appeal to the New York Court of Appeals was denied on July 11, 2002. *People v. Brown*, 98 N.Y.2d 695, 747 N.Y.S.2d 413, 776 N.E.2d 2 (2002). Petitioner also moved in the Supreme Court, Kings County, to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, claiming ineffective assistance of trial counsel. By order dated July 26, 2002, the Supreme Court, Kings County, denied petitioner's Section 440.10 motion, and leave to appeal the denial was denied on December 23, 2002.

### Discussion

Title 28 U.S.C. § 2254(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that a habeas corpus petition shall not be granted on a claim that was "adjudicated on the merits" in a state court proceeding unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In addition, a state court's factual findings which are supported by the record must be presumed correct by a court analyzing a habeas corpus petitioner's claims. *See* 28 U.S.C. § 2254(e)(1).

█ Pursuant to the Supreme Court precedent provided by *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), a witness who is subject to suggestive identification procedures may make an in-court identification so long as the totality of the circumstances establish the reliability of the identification. *Id.* at 199, 93 S.Ct. 375. A number of factors must be considered in determining whether an in-court identification is reliable, including, "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id.* at 199–200, 93 S.Ct. 375. These factors must be considered collectively "and weighed against the corrupting effect of the suggestive confrontation." *Id.* at 200, 93 S.Ct. 375.

Petitioner raises several objections to the hearing judge's admission of the in-court identification. First, petitioner notes Rebeiro's grand jury testimony that "When the [petitioner] took [Rodriguez's] wallet [petitioner] said 'Don't turn around' and told him to back up . . . ;" he argues that this indicates that Rodriguez was not facing petitioner and therefore was unable to see petitioner's face. This grand jury testimony was admitted into evidence at the hearing at the behest of petitioner's counsel. That the hearing judge nonetheless found Rodriguez's testimony sufficient to support his in-court identification is well-supported by the record, and Rebeiro's testimony is not to the contrary. Rebeiro maintained that he, not Rodriguez, always had his back to the petitioner. Therefore, petitioner's direction to not turn around obviously was addressed to Rebeiro. Further, the order to "back up" could just as well have been made to a person facing the speaker, as someone facing away from him, and in this instance that person was Rodriguez. This conclusion is supported both by Rebeiro's statements that he was always facing away from petitioner and Rodriguez's statements that, although he was facing the store window when petitioner first ap-

proached them, he turned around and saw petitioner holding a gun to Rebeiro's head.

Petitioner also argues that Rodriguez's opportunity to view him was too abbreviated to allow him to make a reliable in-court identification. However, Rodriguez testified that he had 15 seconds to observe petitioner. *See United States v. Wong*, 40 F.3d 1347, 1360 (2d Cir.1994), *cert. denied* 516 U.S. 870, 116 S.Ct. 190, 133 L.Ed.2d 127 (1995) (allowing identification following two to three second observation), *United States v. Mohammed*, 27 F.3d 815, 821–822, *cert. denied*, 513 U.S. 975, 115 S.Ct. 451, 130 L.Ed.2d 360 (1994) (thirty second observation), *United States ex rel. Phipps v. Follette*, 428 F.2d 912, 916 (2d Cir.1970), *cert. denied*, 400 U.S. 908, 91 S.Ct. 151, 27 L.Ed.2d 146 (1970) (twenty to thirty second observation).

Petitioner's final contention on this point, that Rodriguez testified that he was able to identify petitioner at trial because of the photographic array is meritless. In fact, Rodriguez testified that petitioner's face was "burned" into his mind at the time of the incident because he was so angry about being robbed, not as petitioner contends, that he memorized petitioner's face from the photo array. Accordingly, this argument is rejected.

■ As already discussed, Rodriguez had an unobstructed, well-illuminated view of petitioner during the robbery that lasted for approximately 15 seconds. This view allowed Rodriguez to provide officers with a detailed, mostly accurate description of petitioner, to identify the defendant with a high degree of certainty; and the two month lag between the incident and initial confrontation is not fatal. *See Wong*, 40 F.3d at 1360 (holding that a thirty-one month delay could be outweighed by other indicia of reliability). Accordingly, the Appellate Division's decision that the hearing court properly per-

mitted Rodriguez to identify petitioner in court is neither contrary to, nor an unreasonable application of, Supreme Court precedent.

### Ineffective Assistance of Counsel

Petitioner also contends that his trial counsel was ineffective. Petitioner argues that trial counsel improperly failed to: (1) cross-examine Rodriguez and Rebeiro about their allegedly inconsistent testimony at the independent source hearing; (2) cross-examine Rodriguez about his sobriety at the time of the incident; and (3) object to certain leading questions asked by the prosecutor. In order to prove ineffective assistance of counsel, petitioner must show both that trial counsel's "performance fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 688–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Petitioner specifically complains that Rodriguez's testimony that he saw petitioner during the entire incident is inconsistent with his prior statements that he did not see petitioner until petitioner approached. This argument is not supported by the record. At both the hearing and at trial, Rodriguez testified that he did not see petitioner until after petitioner confronted him and Rebeiro. Therefore, Rodriguez's testimony at trial and at the hearing was materially consistent, and trial counsel could not have used the hearing testimony to impeach Rodriguez. Petitioner also claims that trial counsel should have used Rebeiro's grand jury testimony to impeach Rebeiro's trial testimony. While the grand jury testimony cited to by petitioner ("When the [perpetrator] took [Rodriguez's] wallet he said 'don't turn around,' and told [Rodriguez] to back up") is contrary to Mr. Rebeiro's statements at

trial that the petitioner did not tell Rodriguez to either turn around, look at petitioner, or back up, it is not more favorable to petitioner's primary defense at trial, namely, that Rodriguez did not have an opportunity to see him. Accordingly, there would be no reason for trial counsel to use the hearing testimony to impeach Rebeiro.

Petitioner also contends that trial counsel was ineffective for having failed to question Rodriguez regarding his sobriety at the time of the incident. This argument is not supported by the record. Trial counsel specifically asked Rodriguez what he had consumed and "if he was drunk" during the relevant time frame.

Petitioner next argues that the prosecutor prejudiced him with the use of, and trial counsel was ineffective for failing to object to, leading questions asked by the prosecutor. The court has carefully reviewed the questions complained of by petitioner in Point II and III of his brief and finds no infirmity in either the questions asked or the failure to object to them. As the grounds asserted by petitioner in support of his ineffective assistance claims do not satisfy the test established by the Supreme Court in *Strickland*, petitioner's claim is without merit.

### Prosecutorial Misconduct

■ Petitioner claims that certain comments made during the prosecutor's summation deprived him of a fair trial. In order to demonstrate that he was deprived of a fair trial petitioner must demonstrate that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), *quoting Donnelly v. DeChristoforo*, 416 U.S. 637 642–43, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Petitioner specifically objects to the prosecutor's comments that Rodriguez

had eight distinct opportunities to view defendant during the commission of the crime, and that Rodriguez had "no motive to make up this story and finger the defendant as the perpetrator." The first statement constitutes fair argument from the evidence in the record. Regarding the second statement to which objection is made, there is nothing in the record that indicates that Rodriguez had a motive to frame petitioner, and this statement is simply a prosecutorial characterization of that lack of evidence. Petitioner also claims that the prosecution improperly stated that Rodriguez gave a description of petitioner to Detective DeLucia. However, the prosecution did not state that Rodriguez gave a description to Detective DeLucia; rather she unequivocally stated that Rodriguez gave the description to an unidentified officer.

As petitioner has not presented any evidence that the prosecution's statements were even improper, much less so unfair "as to make the resulting conviction a denial of due process," *Donnelly*, at 642–43, 94 S.Ct. 1868, petitioner's prosecutorial misconduct claims must be rejected.

### Weight of the Evidence

■ Petitioner also alleges, without elaboration, that his due process and equal protection rights were violated because he was convicted against the weight of the evidence. The relevant federal due process standard is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court has reviewed the trial court transcript and finds that the evidence presented at trial was sufficient to sustain a conviction. The trial record includes the substantially uncontroverted

testimony of Rodriguez, who positively identified petitioner, and Rebeiro who corroborated the circumstances surrounding Rodriguez's identification. The evidence must be viewed in the light most favorable to the prosecution, and the evidence was sufficient for a rational juror to have found the essential elements of the crime beyond a reasonable doubt.

*Conclusion*

For the foregoing reasons, the petition for a writ of habeas corpus is denied. As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**